1  Brian E. Pastuszenski (*pro hac vice*)
   bpastuszenski@goodwinprocter.com
2  Inez Friedman-Boyce (*pro hac vice*)
   ifriedmanboyce@goodwinprocter.com
3  Brian C. Devine (SBN 222240)
   bdevine@goodwinprocter.com
4  **GOODWIN PROCTER LLP**
   Exchange Place
5  Boston, MA 02109-2802
   Tel.:  617-570-1000
6  Fax:  617-570-1231

7  Lloyd Winawer (SBN 157823)
   lwinawer@goodwinprocter.com
8  **GOODWIN PROCTER LLP**
   601 South Figueroa Street, 41st Floor
9  Los Angeles, California 90017
   Tel.:  213-426-2500
10 Fax:  213-623-1673

11 *Attorneys for Defendants*
   Countrywide Financial Corporation,
12 Countrywide Home Loans, Inc., CWALT,
   Inc., CWABS, Inc., CWHEQ, Inc., and
13 Countrywide Securities Corporation,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| SEALINK FUNDING LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 11-CV-08896-MRP (MANx)<br><br>**DECLARATION OF THOMAS M. BUHL IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:         February 14, 2012<br>Time:<br>Courtroom: 12<br><br>**Judge:    Hon. Mariana R. Pfaelzer**<br><br>Case No.  11-CV-08896-MRP (MANx) |

# **DECLARATION**

I, Thomas M. Buhl, certify and declare as follows:

1.  I am a partner of the law firm of Cleary Gottlieb Steen & Hamilton LLP and am resident in its Frankfurt office. I am a member of the Bars in Frankfurt and Paris. I have been practicing German law for more than 30 years. My practice focuses on litigation and arbitration matters, encompassing German and international mergers and acquisitions, including privately-negotiated transactions and public takeovers, joint ventures, corporate restructurings, and securities. I have extensive experience litigating tort claims in German courts as well as in arbitration proceedings governed by German law.

2.  In view of that experience, counsel to defendants Countrywide Financial Corp., Countrywide Home Loans, Inc., Countrywide Securities Corp., CWALT, Inc., CWABS, Inc., and CWHEQ, Inc. (collectively the "Countrywide Defendants") have asked me to opine on the German statute of limitations applicable to tort claims under German law. I have read the complaint by Sealink Funding Limited (the "Plaintiff") and understand from counsel to the Countrywide Defendants that under the New York borrowing statute CPLR § 202 the German statute of limitations applies in the litigation between the aforementioned parties. I further understand that under the applicable law all claims brought by the Plaintiff are tort claims.

3.  I base my opinion on the assumption that the tort claims brought by the Plaintiff are closest in nature to general civil law tort claims under the German Civil Code.

4.  Under German civil law, the statute of limitations for general tort claims, such as fraud claims, is three years. *See* § 195 BGB (German Civil Code).[1] This limitations

---

[1]   § 195 BGB
Die regelmäßige Verjährungsfrist beträgt drei Jahre.

§ 195 BGB (English Translation by the German Federal Department of Justice)
The standard limitation period is three years.

period commences at the end of the year in which (i) the claim arose and (ii) the claimant obtains knowledge of the circumstance giving rise to the claim and of the identity of the obligor, or would have obtained such knowledge but for its own gross negligence. *See* § 199 para. 1 BGB.[2]

I express no views other than on the laws of the Federal Republic of Germany.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Frankfurt, Germany on December 5, 2011.

*[signature]*
Thomas M. Buhl

---

[2] § 199 BGB
(1) Die regelmäßige Verjährungsfrist beginnt, soweit nicht ein anderer Verjährungsbeginn bestimmt ist, mit dem Schluss des Jahres, in dem
1. der Anspruch entstanden ist und
2. der Gläubiger von den den Anspruch begründenden Umständen und der Person des Schuldners Kenntnis erlangt oder ohne grobe Fahrlässigkeit erlangen müsste.
(2) Schadensersatzansprüche, die auf der Verletzung des Lebens, des Körpers, der Gesundheit oder der Freiheit beruhen, verjähren ohne Rücksicht auf ihre Entstehung und die Kenntnis oder grob fahrlässige Unkenntnis in 30 Jahren von der Begehung der Handlung, der Pflichtverletzung oder dem sonstigen, den Schaden auslösenden Ereignis an.
(3) Sonstige Schadensersatzansprüche verjähren
1. ohne Rücksicht auf die Kenntnis oder grob fahrlässige Unkenntnis in zehn Jahren von ihrer Entstehung an und
2. ohne Rücksicht auf ihre Entstehung und die Kenntnis oder grob fahrlässige Unkenntnis in 30 Jahren von der Begehung der Handlung, der Pflichtverletzung oder dem sonstigen, den Schaden auslösenden Ereignis an.
Maßgeblich ist die früher endende Frist.

§ 199 BGB (English translation by the German Federal Department of Justice)
(1) Unless another commencement of limitation of is determined, the standard limitation period commences at the end of the year in which:
1. the claim arose and
2. the obligee obtains knowledge of the circumstances giving rise to the claim and of the identity of the obligor, or would have obtained such knowledge if he had not shown gross negligence.
(2) Claims for damages based on injury to life, body, health or liberty, notwithstanding the manner in which they arose and notwithstanding knowledge or a grossly negligent lack of knowledge, are statute-barred thirty years from the date on which the act, breach of duty or other event that caused the damage occurred.
(3)Other claims for damages become statute-barred
1. notwithstanding knowledge or a grossly negligent lack of knowledge, ten years after they arise and
2. regardless of how they arose and of knowledge or a grossly negligent lack of knowledge, thirty years from the date on which the act, breach of duty or other event that caused the damage occurred.
The period that ends first is applicable.