1  Brian E. Pastuszenski (*pro hac vice*)
   bpastuszenski@goodwinprocter.com
2  Inez Friedman-Boyce (*pro hac vice*)
   ifriedmanboyce@goodwinprocter.com
3  John O. Farley (*pro hac vice pending*)
   jfarley@goodwinprocter.com
4  Caroline H. Bullerjahn (pro hac vice)
   cbullerjahn@goodwinprocter.com
5  **GOODWIN PROCTER LLP**
   53 State Street
6  Boston, MA 02109-2802
   Tel.: 617-570-1000
7  Fax: 617-570-1231

8  *Attorneys for Countrywide Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**<br><br>Date:         June 13, 2012<br>Time:        11:00 a.m.<br>Courtroom: 12<br>Judge:       Hon. Mariana R. Pfaelzer |
| WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 11-CV-07166-MRP (MANx) |
| NATIONAL INTEGRITY LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>        Defendants. | Case No. 11-CV-09889-MRP (MANx) |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 13, 2012, at 11:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Mariana R. Pfaelzer, United States District Judge, located at 312 N. Spring Street, Courtroom 12, Los Angeles, California, 90012, defendants Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Capital Markets, LLC, Countrywide Home Loans, Inc., CWABS, Inc., CWMBS, Inc., CWALT, Inc., CWHEQ, Inc., and N. Joshua Adler (together, the "Countrywide Defendants") will and hereby do move for an order dismissing with prejudice the Amended Complaint filed by Western and Southern Life Insurance Co., *et al.*, and the Complaint filed by National Integrity (collectively, "Plaintiffs") in the above-captioned matters.

On March 9, 2012, this Court dismissed a number of Plaintiffs' claims as time-barred.  *See* Order re: Motions to Dismiss, dated March 9, 2012, MDL Docket No. 16.  Specifically, the Court dismissed both Plaintiffs' Securities Act of 1933 claims in their entirety, and both Plaintiffs' Securities Exchange Act of 1934 ("1934 Act") claims for purchases made before April 24, 2006.  In addition, the Court dismissed both Plaintiffs' Ohio Securities Act ("OSA") claims as time-barred, except to the extent those claims were based on title transfer allegations.  The Court also dismissed the *Western & Southern* Plaintiffs' common law claims for fraud, negligent misrepresentation, and civil conspiracy, except to the extent those claims were based on title transfer allegations, while sustaining the *National Integrity* Plaintiff's common law claims as to all allegations under New York's six-year statute of limitations.  Finally, the Court sustained both Plaintiffs' Ohio Corrupt Practices Act ("OCPA") claims.  There are numerous grounds for this motion to dismiss these remaining claims.

First, with respect to the Plaintiffs' claims based on alleged misrepresentations regarding Defendants' alleged failure to transfer title in accordance with the relevant language in the relevant Offering Materials

(specifically, Plaintiffs' 1934 Act, OSA, common law fraud, and negligent misrepresentation claims), both Complaints fail to allege any actionable material misstatements or omissions.  Second, Plaintiffs have failed to allege the requisite fraudulent intent or reliance with the required factual particularity with respect to the title transfer allegations necessary to sustain both Plaintiffs' 1934 Act claims, certain of their OSA claims, and common law fraud claims.  Third, Plaintiffs have failed to allege loss causation with respect to the title transfer allegations as required for certain of their OSA, 1934 Act, common law fraud, and negligent misrepresentation claims.  Fourth, both Plaintiffs' negligent misrepresentation claims (whether premised on title transfer allegations or allegations pertaining to underwriting and loan origination) fail due to their failure to allege the required "special relationship" between the parties.  Fifth, certain of Plaintiffs' OSA claims fail against certain defendants for failure to satisfy the plain language of the statute.  Sixth, Plaintiffs' OCPA claims must be dismissed in their entirety for failure to adequately allege a cognizable enterprise, an actionable pattern of corrupt activity, or sufficient actionable predicate acts.  Seventh, Plaintiffs' civil conspiracy claims (whether premised on title transfer allegations or allegations pertaining to underwriting and loan origination) must be dismissed because they are predicated on underlying claims that are inadequately pleaded and the Complaints fail to allege a conspiracy between two or more persons.  Eighth, Plaintiffs' 1934 Act claims against defendants CHL and CSC fail because they did not file the Offering Materials at issue with the Securities and Exchange Commission and, therefore, no statement in the Offering Materials is or can be attributed to them.  Ninth, the *National Integrity* Plaintiff's common law fraud claim, to the extent premised on alleged underwriting abandonment, must be dismissed for failure to adequately allege any material misstatement or omission, scienter, reliance, loss causation, or legally cognizable injury.  Finally, Plaintiffs' remaining claims against N. Joshua Adler, which were previously dismissed without prejudice by this Court, must now

be dismissed with prejudice because Plaintiffs have elected not to amend their Complaints to address the pleading deficiencies previously identified by the Court.

For these reasons, Plaintiffs have failed to state a claim for which relief may be granted and each of these claims must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

This motion is made based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other papers, pleadings, documents, arguments of counsel, and materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

Pursuant to Local Rule 7-3, counsel for the Countrywide Defendants conferred telephonically with counsel for Plaintiffs regarding this Motion on April 16, 2012. The parties were unable to reach agreement.

Dated: April 20, 2012　　　　　　　**GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski_____
Brian E. Pastuszenski (*pro hac vice*)
Inez H. Friedman-Boyce (*pro hac vice*)
John O. Farley (*pro hac pending*)
Caroline H. Bullerjahn (*pro hac vice*)

*Counsel for the Countrywide Defendants*