1  Brian E. Pastuszenski (*pro hac vice*)
   bpastuszenski@goodwinprocter.com
2  Inez H. Friedman-Boyce (*pro hac vice*)
   ifriedmanboyce@goodwinprocter.com
3  **GOODWIN PROCTER LLP**
   Exchange Place
4  Boston, MA 02109-2802
   Tel.: 617-570-1000
5  Fax: 617-523-1231

6  John O. Farley (*pro hac vice*)
   jfarley@goodwinprocter.com
7  **GOODWIN PROCTER LLP**
   620 Eighth Avenue
8  New York, NY 10018
   Tel.: 212-813-8800
9  Fax: 212-355-3333

10 Daniel J. Tyukody (SBN 123323)
   dtyukody@goodwinprocter.com
11 **GOODWIN PROCTER LLP**
   601 South Figueroa Street, 41st Floor
12 Los Angeles, California 90017
   Tel.: 213-426-2500
13 Fax: 213-623-1673

14 *Attorneys for Defendants*
   Countrywide Financial Corporation, Countrywide
15 Securities Corporation, Countrywide Capital Markets,
   LLC, Countrywide Home Loans, Inc., CWALT, Inc.,
16 CWABS, Inc., CWMBS, Inc., and CWHEQ, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Countrywide Financial Corporation Mortgage-Backed Securities MDL | 2:11-ml-02265-MRP (MANx) <br><br> **ORDER REGARDING DISCOVERY SCHEDULE** <br><br> Courtroom: 12 <br> Judge: Hon. Mariana R. Pfaelzer |

[PROPOSED] ORDER REGARDING DISCOVERY SCHEDULE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | 2:11-cv-005236-MRP (MANx) |
| BANK HAPOALIM B.M.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>Defendants. | 2:12-cv-04316-MRP (MANx) |
| MINNESOTA LIFE INSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | 2:12-cv-06149-MRP (MANx) |

| | |
|---|---|
| NATIONAL INTEGRITY LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>    Defendants. | 2:11-cv-09889-MRP (MANx) |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR UNITED WESTERN BANK, F.S.B.<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>    Defendants. | 2:11-cv-10400-MRP (MANx) |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>    Defendants. | 2:11-cv-10414-MRP (MANx) |

[PROPOSED] ORDER REGARDING DISCOVERY SCHEDULE

After consideration of the terms of the foregoing Proposed Schedule, and good cause appearing therefore,

IT IS HEREBY ORDERED that the following schedule shall apply:

| Event | Deadline |
|---|---|
| Commencement of Discovery (Defendants may serve document requests on Plaintiffs, and Plaintiffs may serve document requests on Defendants other than the Countrywide Defendants on or after this date; other forms of written discovery also permitted) | April 15, 2013 |
| Initial Disclosures by All Parties Other Than the Countrywide Defendants | April 17, 2013 |
| Joint Submission of a Proposed Protective Order | April 19, 2013 |
| Countrywide Defendants'[1] production of closing loan schedules for all Countrywide securitizations from 2004 through 2007 in the Countrywide Defendants' possession, custody or control | April 22, 2013 |
| Bank of America Defendants'[2] production of closing loan schedules for the BAFC 2006-8T2, BAFC 2007-1, and BAFC 2007-3 securitizations, and Merrill Lynch Defendants'[3] production of closing loan schedules for the MANA 2007-A2 and MANA 2007-AF1 securitizations, that are in their possession, custody, or control and that can be located through a reasonable search and a diligent inquiry[4] | April 22, 2013 |

---

[1] The "Countrywide Defendants" shall mean Countrywide Financial Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWHEQ, Inc., CWABS, Inc., Countrywide Capital Markets, Countrywide Securities Corporation, and Stanford Kurland.

[2] "Bank of America Defendants" shall mean Bank of America Corporation, Bank of America, N.A., and Banc of America Funding Corporation.

[3] "Merrill Lynch Defendants" shall mean Merrill, Lynch, Pierce, Fenner & Smith, Inc. (f/k/a Banc of America Securities LLC), Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Lending, Inc., and Merrill Lynch Mortgage Investors, Inc.

[4] To the extent such documents cannot be found in centrally located files, the parties will discuss whether and to what extent additional searches would be reasonable. Further, in *Bank Hapoalim, B.M. v. Bank of America Corp.*, No. 12-CV-04316, Plaintiff Bank Hapoalim, B.M. ("Hapoalim"), the Bank of America Defendants, and the Merrill Lynch Defendants have agreed to the production of additional closing loan schedules and a procedure for ascertaining which schedules those shall be. The parties do not anticipate this production being completed by April 22, 2013, but intend for it to be done on a rolling basis and to be completed as soon thereafter as

| Event | Deadline |
|---|---|
| Production by Plaintiffs of Document Productions and Transcripts of Testimony in cases or investigations Dealing with Loan Origination and Securitization Issues, subject to any subsequent clawbacks for privilege reasons | May 10, 2013 |
| Production by Countrywide Defendants of Documents Previously Produced and Deposition Transcripts of Countrywide employees and former employees in the Countrywide SEC Investigation, *In re Countrywide Fin'l Corp. Sec. Litig.* (*New York Funds*), *Maine State Retirement System v. Countrywide*, *MBIA v. Countrywide Home Loans, Inc.*, and the FHLB Cases Set Forth Below (Excluding Loan Files and Materials Relating to Successor Liability), with Bates Numbers from original cases, subject to any subsequent clawbacks.[5]  Best efforts will also be made to produce video of depositions, to the extent such videos exist.  Countrywide will use best efforts to provide notice to deponents in the foregoing cases to the extent required under the applicable protective orders.  If any deponent objects (or does not consent) to the production of his/her deposition transcript, Countrywide will notify (or cause counsel for such deponents to notify) counsel for plaintiffs. | May 10, 2013 |

reasonably practicable.

[5] The "FHLB cases" shall mean the following cases for purposes of this scheduling stipulation and order:  *Federal Home Loan Bank of Seattle v. Banc of America Securities LLC, et al.*, No. 09-2-46319-1 SEA (Super. Ct of Wash. King Cnty.); *Federal Home Loan Bank of Seattle v. Countrywide Securities Corporation, et al.*, No. 09-2-46321-2 SEA (Super. Ct of Wash. King Cnty.); *Federal Home Loan Bank of Seattle v. UBS Securities, LLC, et al.*, No. 09-2-46350-6 SEA (Super. Ct of Wash. King Cnty.); *Federal Home Loan Bank of Atlanta v. Countrywide Fin. Corp., et al.*, Civil File No. 11EV011779-01G (Ga. State Ct., Fulton Cnty.); *Federal Home Loan Bank of Atlanta v. JP Morgan Securities, LLC, et al.*, Civil File No. 11EV011779-02G (Ga. State Ct., Fulton Cnty.); and *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, et al.,* No. GD-09-016892 (Pa. Ct. of Common Pleas, Allegheny Cnty.).

| Event | Deadline |
|---|---|
| Production by the Underwriter Defendants of prior document productions and deposition transcripts of the Underwriter Defendants' employee(s) and/or former employee(s) from the following RMBS cases involving Countrywide-sponsored securitizations: (1) for UBS Securities LLC, documents and deposition transcripts from *Maine State Retirement System v. Countrywide Financial Corp.*, No. 10-cv-00302 (C.D. Cal.), *New Mexico State Investment Council v. Countrywide Financial Corp.*, No. D-0101-CV-2008-02289 (Santa Fe Cty. N.M., 1st Jud. Dist.), *Federal Home Loan Bank of Seattle v. UBS Securities LLC*, No. 2010-cv-00146 (W.D. Wash.), and *MBIA Insurance Corp. v. Bank of America Corp.*, No. BC417572 (Cal. Super. Ct., Los Angeles Cty.); (2) for Deutsche Bank Securities Inc., documents and deposition transcripts from *Maine State Retirement System v. Countrywide*, No. 10-cv-0302 (C.D. Cal.), and *The Charles Schwab Corp. v. BNP Paribas*, No. CGC 10-501610 (Cal. Super. Ct. San Francisco Cty); (3) for J.P. Morgan Securities LLC, documents and a deposition transcript from *New Mexico State Investment Council v. Countrywide Financial Corp.*, No. D-0101-CV-2008-02289 (Santa Fe Cty. N.M., 1st Jud. Dist.). Best efforts will also be made to produce video of depositions, to the extent such videos exist. | May 10, 2013 |
| Deadline for Parties to Agree on Methodology for loan sampling, if they are able to | May 10, 2013 |

| Event | Deadline |
|---|---|
| The Countrywide Defendants and Underwriter Defendants will use best efforts to produce loan tapes from centrally located network and shared folders for each of the securitizations at issue in these cases in the Defendants' possession, custody or control. To the extent Plaintiffs conduct a broad sample and that sampling process identifies loans whose files are not within the custody, possession or control of Countrywide, Countrywide will use best efforts to provide Plaintiffs with additional borrower, originator and/or servicer information about the loan upon a Plaintiff request for such information. In exchange for Plaintiffs' withdrawal of their demand that the Countrywide Defendants produce loan tapes for Countrywide offerings other than those purchased by Plaintiffs, the Countrywide Defendants agree not to challenge the validity of any sample of loans drawn by plaintiffs on the ground that the sampling methodology did not make use of any category of information included on loan tapes for the offerings that are the subject of the sample, but not included on the closing loan schedules for those offerings. | May 10, 2013 |
| Bank of America Defendants' production of closing loan tapes for the BAFC 2006-8T2, BAFC 2007-1, and BAFC 2007-3 securitizations, and Merrill Lynch Defendants' production of closing loan tapes for the MANA 2007-A2 and MANA 2007-AF1 securitizations, that are in their possession, custody, or control and that can be located through a reasonable search and a diligent inquiry.[6] To the extent final versions of closing loan tapes cannot be definitively identified with reasonable efforts, the parties will discuss the production of the closest approximations thereto. | May 10, 2013 |

---

[6] To the extent such documents cannot be found in centrally located files, the parties will discuss whether and to what extent additional searches would be reasonable. Further, in *Bank Hapoalim, B.M. v. Bank of America Corp.*, No. 12-CV-04316, Hapoalim, the Bank of America Defendants, and the Merrill Lynch Defendants have agreed to the production of additional loan tapes and a procedure for ascertaining which tapes those shall be. The parties do not anticipate this production being completed by May 10, 2013, but intend for it to be done on a rolling basis and to be completed as soon thereafter as reasonably practicable.

| Event | Deadline |
|---|---|
| On or after this date, Plaintiffs may request additional Document or Deposition Discovery from the Countrywide Defendants. Parties will meet and confer promptly and Plaintiffs will make an application for any requests not consented to by the Countrywide Defendants | June 3, 2013 |
| If No Agreement on Loan Sampling Methodology, each Plaintiff serves Expert Report on same, which shall identify their chosen samples by loan number and describe the methodology used, its bases, and how it was applied to the population of loans | June 17, 2013 |
| If there is agreement on loan sampling methodology, plaintiffs identify their chosen sample by loan number. The parties will collaborate to make sure the loans in the sample are clearly identified. | June 17, 2013 |

| Event | Deadline |
|---|---|
| Production by Bank of America Defendants of documents previously produced and transcripts of depositions previously taken in their civil RMBS cases involving the BAFC 2006-8T2, BAFC 2007-1, or BAFC 2007-3 securitization, or involving originators of loans backing the BAFC certificates purchased by Hapoalim, to the extent the documents or transcripts concern such securitizations or originators and can be identified through a reasonable search and a diligent inquiry.  Production by Merrill Lynch Defendants of documents previously produced and transcripts of depositions previously taken in their civil RMBS cases involving the MANA 2007-A2 or MANA 2007-AF1 securitization, or involving originators of loans backing the MANA certificates purchased by Hapoalim, to the extent the documents or transcripts concern such securitizations or originators and can be identified through a reasonable search and a diligent inquiry.  Such productions shall include Bates numbers from the prior cases, and shall be subject to any subsequent clawbacks for privilege reasons.  Reasonable efforts will also be made to produce videos of depositions to the extent transcripts are produced and to the extent such videos exist.  Reasonable efforts will be used to provide notice to deponents in the foregoing cases to the extent required under applicable protective orders.  If any deponent objects (or does not consent) to the production of his/her deposition transcript, the Bank of America Defendants or the Merrill Lynch Defendants, as the case may be, will notify (or cause counsel for such deponent to notify) counsel for Hapoalim. | June 10, 2013 |
| If No Agreement on Loan Sampling Methodology, Date for Filing Any *Daubert* Motions Challenging Plaintiffs' Loan Sampling Methodology | August 2, 2013 |
| If No Agreement on Loan Sampling Methodology, Oppositions to *Daubert* Motions on Loan Sampling | August 30, 2013 |
| Defendants and Third Parties to substantially complete production of loan files that are reasonably requested by Plaintiffs, as well as all applicable underwriting guidelines, in the parties' possession, custody or control | August 30, 2013 |
| Motion for Joinder of Parties | August 30, 2013 |

| Event | Deadline |
|---|---|
| If No Agreement on Loan Sampling Methodology, Replies in Support of *Daubert* Motions on Sampling | September 27, 2013 |
| Hearing on *Daubert* Motions on Sampling | October 15, 2013, 11 a.m. |
| Substantial Completion of Party Document Discovery | October 18, 2013 |
| Substantial Completion of Third-Party Document Discovery | December 13, 2013 |
| Completion of Fact Depositions and close of fact discovery | January 24, 2014 |
| Parties Serve Expert Reports on Matters for Which They Bear the Burden of Proof (other than loan sampling methodology addressed above), or on any Other Matters | February 21, 2014 |
| Parties serve Rebuttal Expert Reports (on issues other than loan sampling methodology addressed above and re-underwriting) | May 23, 2014 |
| Defendants serve rebuttal reports on re-underwriting | July 18, 2014 |
| Close of Expert Discovery | August 8, 2014 |
| Summary Judgment Motions | August 29, 2014 |
| Oppositions to Summary Judgment Motions | October 3, 2014 |
| Replies in Support of Summary Judgment Motion | December 5, 2014 |
| Hearing on Summary Judgment Motions | December 22, 2014, 11 a.m. |

SO ORDERED.

DATED:  May 20, 2013

_____
HON. MARIANA R. PFAELZER
UNITED STATES DISTRICT JUDGE