Brian E. Pastuszenski (*pro hac vice*)
*bpastuszenski@goodwinprocter.com*
Inez H. Friedman-Boyce (*pro hac vice*)
*ifriedmanboyce@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2802
Tel.: 617-570-1000
Fax: 617-523-1231

John O. Farley (*pro hac vice*)
*jfarley@goodwinprocter.com*
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
Tel.: 212-813-8800
Fax: 212-355-3333

Daniel J. Tyukody (SBN 123323)
*dtyukody @goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213-426-2500
Fax: 213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation, Countrywide
Securities Corporation, Countrywide Capital
Markets, LLC, Countrywide Home Loans, Inc.,
CWALT, Inc., CWABS, Inc., CWMBS, Inc., and
CWHEQ, Inc.

*Additional counsel on signature pages*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Countrywide Financial Corporation Mortgage-Backed Securities MDL | 2:11-ml-02265-MRP-(MANx)*<br><br>MDL No. 2265<br><br>**ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL**<br><br>Courtroom: 12<br><br>Judge:      Hon. Mariana R. Pfaelzer |

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION, | 12-cv-01059-MRP (MANx) |

        Plaintiff,

    v.

COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,

Defendants.

## ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL

For good cause shown, IT IS HEREBY ORDERED that:

1.      This Order Governing the Treatment of Confidential Discovery Material (the "Order") shall govern the disclosure and use of "Confidential Discovery Material" (as defined below) and all other discovery material (as applicable) provided during the course of the above-captioned action (the "Action"), by the Parties to the Action or by nonparties, either voluntarily or as required by requests for discovery made pursuant to the Federal Rules of Civil Procedure, by subpoena, or by order of the Court.  The protections conferred by this Order cover not only "Confidential Discovery Material," but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Confidential Discovery Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with the Action.  The Parties acknowledge that this Order shall apply to the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") as if they were Parties hereto.

2.      Nothing in the Order shall apply to documents, information, material, or any portion thereof obtained by any Receiving Person on a non-confidential basis from an unrelated person or entity ("Independently Obtained Documents"), provided that if an Independently Obtained Document duplicates, in whole or in part, documents produced to the Receiving Person and designated as Confidential Discovery Material, and the Receiving Person is aware that the Independently Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from any Producing Person or affiliated person or

entity in any litigation or proceeding involving any Party or affiliated person or entity, such Independently Obtained Document, or the duplicative portion thereof, shall be treated by the Receiving Person as Confidential Discovery Material. Nothing in this paragraph shall be deemed to relieve any unrelated person or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

3.     As used in the Order, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association.  "Producing Person" refers to any person that produces discovery material.  "Receiving Person" refers to any person that receives discovery material subject to the Order.

4.     The Order designates as "Confidential Discovery Material" documents or discovery responses that may be produced during discovery that are designated as such by a Producing Person because they contain any of the following: confidential, sensitive, or nonpublic financial information and statements; proprietary business information, including business plans and records of internal deliberations and decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; and individual personal information that is protected from disclosure under state or federal law (subject to the Producing Person's identification of such law upon request of the Receiving Person), including identifying personal information and personal financial information, about any Party, any employee of any Party, or any nonparty.  It is possible that disclosure of this Confidential Discovery Material may cause harm to the Producing Persons and their employees, as well as to nonparties.

The Order also designates as "Confidential Discovery Material" any document or other discovery material produced in the Action pursuant to an agreement or order requiring the reproduction of such discovery material from other

litigations or proceedings (the "Reproduced Discovery Material") where such Reproduced Discovery Material was marked or designated confidential (or a similar designation) in the litigation or proceeding in which such Reproduced Discovery Material was originally produced.

"Confidential Discovery Material" shall also include nonpublic, confidential supervisory materials of the Office of Federal Housing Enterprise Oversight, the Federal Housing Finance Agency ("FHFA") and the U.S. Department of Housing and Urban Development, and includes, but is not limited to, nonpublic records concerning supervision, regulation, and examination of banks, savings associations, their holding companies, and affiliates, and records compiled in connection with the enforcement responsibilities of federal financial regulatory agencies, to the extent any of the foregoing information may be permitted to be disclosed in discovery in the Action.  "Confidential Discovery Material" also includes nonpublic, confidential information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities.

"Confidential Discovery Material" also includes documents that are exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the regulations governing the disclosure of information, 12. C.F.R. Parts 309, 911, 1703 and any other applicable federal or state laws.

"Confidential Discovery Material" shall also include information protected by law, which is any information that a disclosing party is obligated by law to keep confidential, including but not limited to, nonpublic personal information such as social security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information, documents or data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a, and other sensitive personally identifiable information, other than information for which applicable federal or state law

1  requires confidential treatment, and/or "Nonparty Borrower Information," which for

2  purposes of this Order shall mean any information that constitutes "nonpublic

3  personal information" within the meaning of Section 509(4) of the Gramm-Leach-

4  Bliley Act, 15 U.S.C. § 6809 and its implementing regulations, including, but not

5  limited to, any portion of a mortgage loan file or other document that includes

6  financial or credit information for any person (including any credit history, report, or

7  score obtained on any such person to determine the individual's eligibility for credit)

8  together with personally identifiable information with respect to such person,

9  including, but not limited to, name, address, social security number, loan numbers,

10  telephone number, or place or position of work.  As set forth in paragraph 25 below,

11  this Order authorizes the disclosure of such Nonparty Borrower Information in the

12  above-captioned action.

13        Confidential Discovery Information shall also include trade secret/proprietary

14  information, which is material that the producing party reasonably believes

15  constitutes, reflects, or discloses trade secrets, proprietary data or commercially

16  sensitive information.

17        Except as provided by the express terms of this Order, all persons subject to

18  this Order shall refrain from disclosing in any manner any information set forth in

19  any confidential material.

20        5.      Further, this Protective Order permits the designation as "Confidential

21  – Attorneys and Experts Only" of documents or information produced during

22  discovery that contain sensitive, proprietary, confidential, and/or personal

23  information, or trade secrets, that a Producing Person reasonably and in good faith

24  believes would result in competitive, commercial, or financial harm to the disclosing

25  party or its personnel, clients, or customers if such documents or information were

26  disclosed to individuals or entities other than those identified in paragraph 10(e)

27  below.  Material that is designated "Confidential – Attorneys and Experts Only"

28

1    shall be subject to all the protective terms applicable to "Confidential Discovery

2    Material" as well as the more protective measures expressly set forth herein.  The

3    limitations set forth under this paragraph shall only be modified by agreement

4    among the Parties and Order of the Court.

5              The Order hereby designates as "Confidential – Attorneys and Experts Only"

6    any Reproduced Discovery Material where such Reproduced Discovery Material

7    was marked or designated highly confidential (or a similar designation) in the

8    litigation or proceeding in which such Reproduced Discovery Material was

9    originally produced.

10             6.        All documents designated as Confidential Discovery Material shall be

11    so designated, by Bates range, in a letter accompanying their production to a

12    Receiving Person, and/or by stamping the media in which the documents are

13    transmitted, and/or by stamping each page of a document "CONFIDENTIAL,"

14    "CONFIDENTIAL DISCOVERY MATERIAL," or "CONFIDENTIAL

15    TREATMENT REQUESTED BY [name of the Producing Person]." Documents

16    may be designated as Confidential Discovery Material at any time.  Without limiting

17    the foregoing sentence in any way, a Producing Person may designate a document as

18    Confidential Discovery Material after it was earlier produced without such a

19    designation, and such production, in and of itself, shall not prejudice or otherwise

20    constitute a waiver of, or estoppel as to, any claim of confidentiality to which the

21    Producing Person would otherwise be entitled.  Any documents designated as

22    Confidential Discovery Material prior to entry of this Order shall be treated the

23    same in all respects as documents designated as Confidential Discovery Material

24    after the entry of this Order.  This Order also treats as Confidential Discovery

25    Material oral communications designated as confidential either orally (provided that

26    such designation was recorded by a court reporter) or in writing.  Materials

27

28

Order Governing the Treatment of Confidential Discovery Material

designated as CONFIDENTIAL pursuant to this Order shall be designated and marked as follows:

        (a)      <u>Documents or TIFF Images:</u> Documents or TIFF images may be designated as Confidential Discovery Material or Highly Confidential Discovery Material by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL,"[1] or an equivalent thereof, on any such document or image.  Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION".  In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged.  Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") containing "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp.  Instead, the disclosing party shall use reasonable means to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" or "HIGHLY

---

[1]  Used herein, the term "Confidential Information" shall have the same meaning as "Confidential Discovery Material," and the term  "Highly Confidential Information" shall have the same meaning as "Confidential – Attorneys and Experts Only."

Order Governing the Treatment of Confidential Discovery Material

CONFIDENTIAL" in the file name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

(b)     Non-Paper Media: Where CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in paragraph 6(a) above should be placed on the medium, if possible, and its container, if any, so as to give clear notice of the designation.  To the extent that any receiving party prints any of the information contained on non-paper media that is designated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, such printouts will be marked as described in paragraph 6(a) above by the receiving party.

(c)     Physical Exhibits: The confidential or highly confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in paragraph 6(a) above.

(d)     Written Discovery: In the case of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in paragraph 6(a) above shall be placed on the first page of the document and on each page containing answers or responses that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

7.     Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain information from documents designated as Confidential Discovery Material without the need for a separate confidential designation on the notes, work paper, or other work product.

8.     If discovery material is inspected at the Producing Person's choice of location, all such discovery material shall be presumed at such inspection to have been designated as Confidential Discovery Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the discovery material.  Production of Confidential Discovery Material for inspection shall not constitute a waiver of confidentiality.

9.     Nonparty Borrower Information Designation.  The Parties have agreed to produce or have served or intend to serve document requests, interrogatories or other requests, and/or have issued or intend to issue subpoenas to nonparties for documents and other information, which require production of certain records relating to individual mortgage loans ("loan files") and/or to the servicing of those loans ("servicing records").  The loan files, servicing records, and related documents contain non-public personal information and/or other sensitive personally identifying information pertaining to individual borrowers, and information that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the respective implementing regulations, including, but not limited to, any portion of a loan file or other document which includes financial and/or credit information pertaining to individual borrowers (including any credit history, report or score obtained on any such borrowers to determine the individual's eligibility for credit) together with personally identifying information with respect to such borrowers, which may include, but is not limited to, names, addresses, Social

Security numbers, telephone numbers, and places or positions of work ("Nonparty Borrower Information").

(a) Any Person (including nonparties) producing materials through discovery may designate loan files, servicing records, or related documents that it discloses during discovery in this matter, including, but not limited to, the Nonparty Borrower Information contained therein, as Confidential Discovery Material because the materials constitute, contain, reveal or evidence "non-public personal information."

(b) Any Person (including nonparties) receiving non-public personal information consisting of, derived from, or related to loan files or servicing records produced in discovery, regardless of whether such material is designated with the appropriate designation, shall use that material solely for the purpose of conducting the Action. Notwithstanding the foregoing, nothing in this Order shall require any Receiving Person to disregard or violate any order, direction, or regulatory requirement of any governmental authority, subject to the provisions set forth in paragraph 16.

(c) In order to expedite production of loan files and servicing records, a Producing Person may, at its sole option, produce materials without a detailed or any review, subject to the "clawback" procedures in this Order (paragraph 17) or as otherwise agreed to.  In doing so, the Producing Person may designate the contents of loan files, servicing records, or related documents that by their nature contain Nonparty Borrower Information with the appropriate designation even if some of the documents in the collection may not, considered individually, qualify for such designation.

(d) The Producing Person shall designate Nonparty Borrower Information material as follows:

> (i)      In the case of information in documentary form, the Producing Person shall designate the documents as Confidential Discovery Material in the manner described above in paragraph 6,

except that bulk productions may be designated as set forth in paragraph 9(c)(iii).

(ii)     Nonparty Borrower Information may be used in depositions.  The party using such information in a deposition should designate any portion of the deposition testimony discussing such information as Confidential Discovery Material pursuant to the procedure outlined in paragraph 12.

(iii)     Any Nonparty Borrower Information produced in a non-paper media (*e.g.*, computer disks or drives) and/or bulk productions in native format or without Bates numbers may be designated as such by affixing the legend CONFIDENTIAL in a prominent place on the exterior of the container in which the information is stored and/or on the first page of a document and/or on the relevant page(s) of the document.  In the event a Receiving Person generates any electronic copy, hard copy, transcription, or printout from any such designated non-paper media, that Receiving Person must treat each copy, transcription, or printout as confidential pursuant to the terms of this Order.

10.     <u>Treatment of Confidential Discovery Material.</u>  Confidential Discovery Material shall be subject to the following restrictions:

 (a) Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action and the following litigations in which Parties to this Action also are parties: *FHFA v. UBS Americas, Inc., et al.*, 11 Civ. 5201 (DLC) (S.D.N.Y.); *FHFA v. Deutsche Bank AG, et al.*, 11 Civ. 6192 (DLC) (S.D.N.Y.); *FHFA v. First Horizon National Corp., et al.*, 11 Civ. 6193 (DLC) (S.D.N.Y.); *FHFA v. Bank of America Corp., et al.*, 11 Civ. 6195 (DLC) (S.D.N.Y.); *FHFA v. Merrill Lynch & Co., Inc., et al.*, 11 Civ. 6202

(DLC) (S.D.N.Y.); and *FHFA v. Royal Bank of Scotland Group PLC, et al.*, 11 CV 1383 (AWT) (D. Conn.), including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.  Absent consent from a Producing Person, which shall be given solely in that Producing Person's discretion, or the Court, which shall be granted at the Court's discretion, no Confidential Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding.  Nothing in this Order shall affect (1) the relevance, admissibility, probative value or weight of any Confidential Discovery Material in any other litigation, matter, or proceeding, or (2) any ruling or order by any tribunal in any other litigation, matter, or proceeding.

(b) Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (d) below to whom it is reasonably necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above, and shall not be disclosed by them, subject to the provision at the end of this paragraph governing further restrictions on dissemination of material designated Confidential – Attorneys and Experts Only.

(c) No Party shall rely on the use restriction contained in subparagraph (a) above to argue that Plaintiffs have waived any contractual rights and remedies, including the ability to submit a repurchase demand in connection with any mortgage loan underlying any securitization at issue, though Defendants reserve the right to oppose efforts to enforce any contractual rights and remedies.  Receipt of Confidential Discovery Material does not waive any right to pursue other claims or contractual remedies, including repurchase demands, or to assert any defense based on materials other than Confidential Discovery Materials.

(d) Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

   (i) counsel for the Parties to the Action, Fannie Mae, or Freddie Mac, and attorneys, paralegal, clerical and other staff employed or retained by such counsel or counsel's law firms who are assisting in the conduct of the Action;

   (ii) those current or former officers, directors, employees, and representatives (including legal representatives and in-house counsel) of the Parties to the Action, Fannie Mae, or Freddie Mac, deemed necessary to aid counsel in the conduct of the Action;

   (iii) any and all individual Defendants in the Action;

   (iv) actual or prospective deposition, hearing, or trial witnesses in the Action, *provided, however*, that the witness (other than Parties) shall not retain any documents marked as Confidential Discovery Material;

   (v) consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

   (vi) the Court, court personnel, and jurors, potential jurors or alternate jurors;

   (vii) court reporters and videographers used in connection with the conduct of this Action;

   (viii) outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith

deem necessary to provide assistance in connection with the conduct of the Action;

(ix)   persons who are or were authors or recipients of the Confidential Discovery Material;

(x)   any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action or to indemnify or reimburse for payments made to satisfy a judgment;

(xi)   mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in this Action;

(xii)   any nonparty reasonably believed to have originated a loan at issue in the Action or to be in possession, custody, or control of a loan file at issue in the Action, which may receive Nonparty Borrower Information for that loan for the purpose of locating the loan file; and

(xiii)   any nonparty reasonably believed to have conducted due diligence on the securitizations or mortgage loans at issue in the Action or to be in possession, custody, or control of documents related to such due diligence, but such nonparty may only receive the specific Nonparty Borrower Information that it represents is necessary for it to locate documents relating to such due diligence.

(e) Documents or information designated as "Confidential – Attorneys and Experts Only" shall be disclosed only to attorneys of record and in-house or other retained counsel for the Parties to the Action, Fannie Mae, or Freddie Mac, the authorized secretarial and legal assistance staff of such attorneys and counsel, photocopying and litigation support services as provided in paragraph 10(d)(viii), witnesses as provided in paragraph 10(d)(iv), the Court and Court personnel as provided in paragraph 10(d)(vi), and, subject to paragraph 10(d)(v), to consultants, experts, and

their staff retained by the Parties in the Action or their attorneys for purposes of this Action.  No documents or information designated as "Confidential – Attorneys and Experts Only" shall be disclosed to any third party or to any Party of this Action, other than the Producing Person, except by written stipulation of the Parties, by order of the Court, or as otherwise provided herein.  Documents or things designated as "Confidential – Attorneys and Experts Only" shall not be retained, filed, or stored on the premises of any Party.

(f) Each person described in subparagraphs 10(d)(iv), (v), (x), (xi) and (xii), and each former officer, director, employee, and representative described in subparagraph 10(d)(ii), to whom Confidential Discovery Material is disclosed shall first be advised that such material is being disclosed pursuant and subject to the terms of the Order and that it may not be disclosed other than pursuant to the terms hereof.  Prior to disclosing Confidential Discovery Material to any person described in subparagraph 10(d)(iv), (v), (x), (xi) and (xii) above, counsel shall cause each such person to execute a certificate in the form annexed hereto as Exhibit A, although no Exhibit A shall be required from persons or entities that receive only such Confidential Discovery Material to which they are reasonably believed to have had prior access.  Counsel shall be responsible for retaining executed certificates. Any person receiving Confidential Discovery Material is enjoined from disclosing that information to any other person, except in accordance with this Order.

    11.    <u>Inadvertent Disclosure of Confidential Discovery Material.</u>  If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of the Order.  Such disclosure shall also be reported in writing, via overnight delivery service or email,

1   to the Producing Person who produced such inadvertently disclosed Confidential

2   Discovery Material promptly, and in no event later than three business days from the

3   discovery of such disclosure.

4         12.    Confidential Discovery Material and Depositions.  Information or

5   testimony disclosed at a deposition may be designated as Confidential Discovery

6   Material by the person providing such testimony, by a Party, or by a Producing

7   Person if such person either:

8   (a) identifies on the record at the deposition those portions of the testimony that are

9   designated as Confidential Discovery Material; or

10  (b) provides written notification to all Parties within thirty days of the court

11  reporter's release of the transcript of the deposition as to those portions of the

12  transcript that are designated as Confidential Discovery Material.

13        Except to the extent the Parties otherwise agree, the entire transcript of any

14  deposition shall be treated as Confidential Discovery Material until thirty (30) days

15  after the court reporter's release of the transcript of the deposition.  The deposition

16  transcript that contains Confidential Discovery Material designated pursuant to

17  subparagraph (a) above shall be stamped, as set forth in paragraph 6 above, by the

18  court reporter or by counsel.  If counsel for any Party believes that a question put to

19  a witness being examined in deposition will disclose Confidential Discovery

20  Material, or that the answer to any question or questions requires such disclosure, or

21  if documents to be used as exhibits during the examination contain such

22  Confidential Discovery Material, such counsel may so notify the examining counsel,

23  and, in that event, that portion of the deposition shall be taken in the presence only

24  of counsel, Parties to the Litigation, the court reporter, video operator and their

25  assistants and anyone else authorized to receive Confidential Discovery Material as

26  provided herein who also is authorized to be present at the deposition.  The court

27

28

1  reporter shall indicate in the transcript the portion of the transcript that is to be kept

2  confidential, and shall mark the cover page of the transcript accordingly.

3        13.      <u>Filing Confidential Discovery Material.</u>

4        In the event that any person discloses Confidential Discovery Material in any

5  pleading, court filing, attachment or exhibit thereto, or other papers filed with the

6  Court prior to trial, the disclosing person shall conditionally file the documents

7  containing Confidential Discovery Material under seal with the Clerk of this Court

8  pursuant to Local Rule 79-5, and will publicly file a copy redacting the information

9  designated as Confidential Discovery Material or Confidential – Attorneys and

10  Experts Only if instructed to do so by the Court.  Any party may ask the Court to

11  order a party to make such a public filing with confidential material redacted. The

12  Parties understand that designation of materials as Confidential Discovery Material

13  or as Confidential – Attorneys and Experts Only does not automatically entitle the

14  Parties to have such information kept under seal and that any submission of

15  documents under seal should seek to file under seal only those portions of the

16  documents that contain Confidential Discovery Material, *see, e.g.*, *Kamaka v. City*

17  *& County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made

18  to the judicial officer presiding over the proceedings in question.  To the extent

19  documents containing Nonparty Borrower Information are to be filed with the Court

20  or used as exhibits in any hearing, unless otherwise ordered by the Court, the filing

21  party must either exclude from the exhibits or redact any Nonparty Borrower

22  Information sufficiently to ensure that nonparty borrower identities, or information

23  from which their identities could be ascertained, is masked and not discernible.  This

24  Order does not address the use of Confidential Discovery Material for use at trial.

25  The Parties agree to meet and confer regarding use of Confidential Discovery

26  Material in connection with trial and to raise the issue with the Court at an

27  appropriate time.

28

Order Governing the Treatment of Confidential Discovery Material

14.    <u>Objections to Confidential Classification.</u>  No Party concedes that any discovery material designated by any other person as Confidential Discovery Material under any provision of the Order in fact contains or reflects trade secrets, proprietary or confidential information, or has been properly designated as Confidential Discovery Material, and entering into this Stipulation shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of the Order.  Nor does the availability of Confidential Discovery Material status or Confidential - Attorneys and Experts Only status suggest that all documents or other materials are properly discoverable, and shall not affect any other valid objection to production of documents or other materials.

A Receiving Person shall not be obliged to challenge the propriety of a designation of documents or other material as Confidential Discovery Material at the time made or thereafter, and failure to do so shall not preclude a subsequent challenge thereof.  If at any time a Receiving Person objects to a designation under the Order (an "Objecting Party"), the Objecting Party shall notify the Producing Person in writing.  The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection, and shall otherwise comply with Local Civil Rule 37-1.  Within ten (10) calendar days of the receipt of such written notice, the Producing Person and Objecting Party shall meet and confer in an effort to resolve their differences.  If the disagreement cannot be resolved, the Objecting Party may apply to the Court within ten (10) calendar days for an order overruling the Producing Person's designation.  The application of the Objecting Party shall comply with Local Civil Rules 37-2 and 37-3, and the Producing Person shall have the burden of demonstrating that the document or material designated as Confidential Discovery Material is deserving of confidential treatment or other protection under the terms of the Order.  If the Objecting Party

does not make such an application to the Court, the documents or material to which an objection was directed will still be considered Confidential Discovery Material under the Order.  While any such application is pending, the documents or material subject to that application will remain Confidential Discovery Material until the Court rules.

Notwithstanding any other provision of this Order, no person shall challenge in any way any confidentiality designation placed on Reproduced Discovery Material if such designation was previously challenged and upheld in the matter in which it was originally produced.  With respect to Reproduced Discovery Material that is subsequently designated confidential (or highly confidential or any similar designation) in the litigation or proceedings in which such Reproduced Discovery Material was originally produced, the Producing Person shall promptly notify any Receiving Person of such subsequent designation.  In such case, within fourteen (14) days of such subsequent designation, the Producing Person shall provide the Receiving Person with corrected copies of such Reproduced Discovery Material, bearing the subsequently designated confidentiality designation.  If any person challenges any confidentiality designation placed on Reproduced Discovery Material, the Parties should cooperate to accommodate the terms of the protective order or confidentiality stipulation that governed in the litigation or proceeding in which such Reproduced Discovery Material was originally produced, but the Court will ultimately apply this Protective Order to Confidential Discovery Material produced in the Action.

15.    Breach of Confidentiality.  In the event that the Court determines that there is an actual or threatened violation of this Order by a Receiving Person, the Parties agree that the Producing Person would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce

1 the terms of the Order, in addition to any other remedy to which the Producing

2 Person may be entitled at law or in equity.

3       16.   <u>Legal Process.</u>  If any Receiving Person (a) is subpoenaed in another

4 action, (b) is served with a demand in another action to which he, she, or it is a

5 party, or (c) receives a demand or request for documents from a legal or regulatory

6 organization with jurisdiction over it and such subpoena, demand, or request seeks

7 Confidential Discovery Material, the Receiving Person shall (unless prohibited by

8 law or regulation) give written notice, by hand or by e-mail, within the earlier of (i)

9 seven business days of receipt of such subpoena, demand, or request for documents

10 or (ii) no fewer than seven business days before any response to the subpoena,

11 demand, or request is due, to all Parties, and to any nonparty who produced or

12 designated the discovery material as Confidential Discovery Material, and in no

13 event shall produce such requested material prior to providing such notice.

14       Any Party or Producing Person may seek a protective order or other court-

15 ordered relief to prevent the requested production.  Should a Party or Producing

16 Person seek a protective order or other court-ordered relief, then the Receiving

17 Person shall not produce any of the Producing Person's Confidential Discovery

18 Material, until a final decision that is no longer subject to appellate review orders

19 such production, provided that a Party or Producing Person must file any Notice of

20 Appeal or Motion for permission to Appeal from a lower court order not later than

21 thirty (30) days after receipt of the order.  If a Receiving Person is subpoenaed or

22 requested to produce Confidential Discovery Material by a regulatory or self-

23 regulatory agency with jurisdiction over it, through a process which by law,

24 regulation, interpretive letter, regulatory policy, or compulsory process requires the

25 Receiving Person to produce requested materials without objection, without notice

26 to other Parties, or without delay, the Receiving Person shall be permitted to do so

27

28

notwithstanding any provisions of this Order, including the advance notice provisions, to the contrary.

17.    <u>Clawback of Protected Produced Documents</u>.  Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such document or other discovery material (with the sole exception of automatic archival systems that are not readily accessible by the parties) and shall refrain from reading or reviewing said document or discovery material beyond the extent necessary to identify it as the inadvertently produced confidential material, or from utilizing it in any manner or form including without limitation, use during the course of a deposition, review with witnesses, use by counsel or otherwise to prosecute this or any other action, or any other use, disclosure or review whatsoever.  The Receiving Person shall, to the extent reasonably practical, also remove all references to such material from any attorney work product.  The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted in this Action or in any other proceeding, including in Federal or State proceedings. Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Person, after promptly returning or destroying the discovery material, from challenging the Producing Person's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted *in camera*, and (c) the challenge shall not

1  assert as ground or basis that the Producing Person waived any privilege or

2  protection because of the inadvertent disclosure.

3        A Receiving Person may obtain from a Producing Person any privilege log(s)

4  relating to any Reproduced Discovery Material, but only to the extent such privilege

5  log exists, and the Producing Person shall use its best efforts to provide such

6  privilege log(s) to the Receiving Person within fourteen (14) calendar days of

7  production of the Reproduced Discovery Material or within fourteen (14) calendar

8  days of when a privilege log is provided in the litigation or proceeding in which

9  such Reproduced Discovery Material was originally produced.  The Producing Party

10  shall identify to the Receiving Party any collections of reproduced discovery

11  material it previously produced for which it is unable to find a privilege log.  Absent

12  exceptional circumstances, a Receiving Person may not demand the creation of a

13  privilege log in connection with Reproduced Discovery Material, nor shall any a

14  Producing Person be required to create any such privilege log, and the failure to

15  create or provide one shall not constitute a waiver of any privilege or protection.  No

16  person shall challenge privilege log(s) relating to any Reproduced Discovery

17  Material or any designation of Reproduced Discovery Material as subject to the

18  attorney-client privilege, attorney work product, or any other privilege or protection,

19  or as otherwise not subject to production, except in accordance with the instructions

20  given by this Court during the May 10, 2013 status conference.  With respect to

21  Reproduced Discovery Material that is subsequently designated as privileged or

22  otherwise not subject to production in the litigation or proceedings in which such

23  Reproduced Discovery Material was originally produced, the Producing Person shall

24  promptly notify any Receiving Person of such subsequent designation, and such

25  Receiving Person shall, within fourteen (14) calendar days, destroy all such

26  subsequently designated Reproduced Discovery Material and certify to the

27  Producing Person that it has done so.

28

Order Governing the Treatment of Confidential Discovery Material

18.     The Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential Discovery Material) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

19.     Any additional parties that join or are joined in an Action, may have access to materials produced in such Action pursuant to this Order only after the party executes and files with the Court a stipulation agreeing to be fully bound by the Order.  Nonparties producing discovery materials may gain the benefits of this Order with respect to any discovery materials they produce by designating as "CONFIDENTIAL" the discovery material they produce.

20.     <u>Final Disposition.</u>  Unless otherwise ordered or agreed in writing by the Producing Person, within sixty (60) days after the final termination of the Action, including any appeals, each Receiving Person must take commercially reasonable efforts to either return all Confidential Discovery Material to the Producing Person, or, at its option, destroy it.  Notwithstanding the foregoing, (a) the Parties, their respective counsel, and their expert witnesses and consultants shall not be required to delete or destroy Confidential Information contained in or consisting of their work product, (b) the Parties' respective counsel may retain Confidential Information contained in or consisting of work product, pleadings, motion papers (including exhibits thereto), discovery responses, deposition transcripts, and deposition exhibits, and (c) the Parties may retain any documents reasonably necessary for accounting purposes, or as may be required under federal law, regulations, or other regulatory authority.

21.     <u>This Order shall</u> survive the termination of the Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by outside counsel of record for each Producing Person or by an Order of the Court.

22.     The Parties may jointly or independently seek to amend or modify this Order, subject to Court approval.

23.     Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

24.     Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Action of any matter discovered.

25.     <u>Disclosure of Nonparty Borrower Information.</u>

To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information ("Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Nonparty Borrower Information Law requires a party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure, receipt or use of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and the Court hereby **Orders** that the party is exempted from obtaining a court-ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information.  To the extent that any

1  Nonparty Borrower Information Law requires that any person or entity be notified
2  prior to disclosure, receipt or use of Nonparty Borrower Information except where
3  such notice is prohibited by court order, the Court hereby **Orders**, in view of the
4  protections provided for the information disclosed in this Order, the volume of
5  documents to be produced and the ongoing oversight of the Court, that the Parties
6  are explicitly prohibited from providing such notice; provided, however, that this
7  Order shall not prohibit any party from contacting any person or entity for any other
8  purpose.  The term "receipt or use" shall not be construed to authorize the seeking or
9  obtaining of current credit reports of non-party borrowers in order to facilitate re-
10  underwriting efforts or any other improper purpose.  Any Producing Person may
11  seek additional orders from this Court that it believes may be necessary to comply
12  with any Nonparty Borrower Information Law.
13  After consideration of the terms of the foregoing Stipulation Governing the
14  Treatment of Confidential Material ("Stipulation"), and good cause appearing
15  therefore,
16  IT IS SO ORDERED
17
18
19  Dated: August 5, 2013
20  _____
     Hon. Mariana R. Pfaelzer
     United States District Judge
21
22
23
24
25
26
27
28

Order Governing the Treatment of Confidential Discovery Material

**EXHIBIT A**

**ACKNOWLEDGMENT**

I have been informed that on _____, the United States District Court for the Central District of California entered an ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL DISCOVERY MATERIAL in *Federal Housing Finance Agency, As Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation v. Countrywide Financial Corporation, et al.,* 2:12-cv-01059-MRP (MANx). I have read the Order, agree to abide by the terms of the Order as they apply to me, and voluntarily submit to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceeding related to the Order, including my receipt or review of information that has been designated as CONFIDENTIAL.

_____
(Signature)

_____
(Printed Name)

Order Governing the Treatment of Confidential Discovery Material